

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

D-1   KAMITKO MOORE,

Case: 2:16-cr-20074
Judge: Cohn, Avern
MJ: Stafford, Elizabeth A.
Filed: 02-09-2016 At 09:47 AM
INFO USA v KAMITKO MOORE (dat)

VIO.: 18 U.S.C. § 1347

Defendant.
_____/

## INFORMATION

THE UNITED STATES OF AMERICA CHARGES:

### General Allegations

At all times relevant to this Information:

1.     KAMITKO MOORE was the owner and operator of Healthy Hearts ("Healthy Hearts"), which operated at 28917 W. 7 Mile Rd, Livonia, MI 48152. KAMITKO MOORE was also the owner and operator of New Beginning Adult Senior Care Center ("New Beginning"), which operated at 28915 W. 7 Mile Rd, Livonia, MI 48152.

2.     KAMITKO MOORE, through Healthy Hearts and New Beginning, billed Medicare for physician services, physical therapy, and psychotherapy

services that were never provided, resulting in approximately $3,290,609.00 in billing to the Medicare program.

3.      The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled.    Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

4.      Physician services, physical therapy services, and psychotherapy services are provided in both an office and/or home setting and are covered by Medicare Part B.    Under Medicare Part B, services must be medically necessary and provided by licensed physicians or otherwise qualified medical professionals.

5.      By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement.    To receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

6.     Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the PIN assigned to that medical provider.

## COUNT 1
### (18 U.S.C. §§ 1347 and 2 – Health Care Fraud)
### D-1 KAMITKO MOORE

7.     Paragraphs 1 through 6 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

8.     From in or around March 2014, and continuing to in or around December 2015, in Wayne County in the Eastern District of Michigan, and elsewhere, KAMITKO MOORE, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a federal health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, item and services.

3

## Purpose of Scheme or Artifice

9.     It was the purpose of the scheme or artifice for KAMITKO MOORE to unlawfully enrich herself by, among other things:  a) creating fake companies to bill Medicare for services that were never provided; b) concealing the submission of false and fraudulent claims to health care benefit programs; and c) diverting fraud proceeds for her personal use and benefit of herself and others.

## Manner and Means

The manner and means by which KAMITKO MOORE sought to accomplish the object and purpose of the scheme or artifice included, among other things, the following:

10.     KAMITKO MOORE would own and control Healthy Hearts and New Beginning.

11.     KAMITKO MOORE stole Medicare patient information from licensed professionals to submit false and fraudulent claims to Medicare for services that were never provided.

12.     KAMITKO MOORE would cause Healthy Hearts and New Beginning to to submit false and fraudulent claims to Medicare for at least $3,274,044.00 in physician services, physical therapy, and psychotherapy services that were not provided by Healthy Hearts and New Beginning.

4

13.     As a result of such false and fraudulent claims, Medicare made overpayments to the Healthy Hearts and New Beginning bank accounts controlled by KAMITKO MOORE.

14.     KAMITKO MOORE used the proceeds of the false and fraudulent Medicare claims for her own use, and the use of others, and to further the fraud.

**Acts in Execution or Attempted Execution of the Scheme and Artifice**

15.     On or about the dates set forth below, in Wayne County, in the Eastern District of Michigan, KAMITKO MOORE in connection with the delivery and payment for health care benefits, items, and services, did knowingly and willfully execute, or attempt to execute, the above described scheme and artifice by submitting or causing the submission of false and fraudulent claims seeking the identified dollar amounts and representing that Healthy Hearts and New Beginning provided services to Medicare beneficiaries, including:

| Medicare Beneficiary | Service | Entity | Submission Date | Date of Service | Part B Billed Amt |
|---|---|---|---|---|---|
| R.C. | CPT 90837 - Psychotherapy | New Beginnings | 3/17/2015 | 3/13/2015 | $250.00 |
| I.A. | CPT 90837 - Psychotherapy | New Beginnings | 3/17/2015 | 3/13/2015 | $250.00 |
| J.C. | CPT 90837 - Psychotherapy | New Beginnings | 3/17/2015 | 3/13/2015 | $250.00 |
| I.A. | CPT 90837 - Psychotherapy | New Beginnings | 9/30/2015 | 9/29/2015 | $280.00 |
| J.C. | CPT 90837 - Psychotherapy | New Beginnings | 9/30/2015 | 9/29/2015 | $280.00 |
| I.A. | CPT 99347 - Physician Home Visit | Healthy Hearts | 3/31/2014 | 3/29/2014 | $180.00 |
| J.C. | CPT 99347 - Physician Home Visit | Healthy Hearts | 3/31/2014 | 3/29/2014 | $180.00 |
| R.C. | CPT 99349 - Physician Home Visit | Healthy Hearts | 9/24/2015 | 9/23/2015 | $260.00 |
| I.A. | CPT 99349 - Physician Home Visit | Healthy Hearts | 9/24/2015 | 9/23/2015 | $260.00 |
| J.C. | CPT 99349 - Physician Home Visit | Healthy Hearts | 9/24/2015 | 9/23/2015 | $260.00 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## CRIMINAL FORFEITURE
### (18 U.S.C. § 982)
### D-1 KAMITKO MOORE

16.    The allegations contained in 1 through 6 are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of any property, real or personal

6

obtained by the defendant, KAMITKO MOORE, by commission of the offenses charged in Count 1, pursuant to the provisions of 18 U.S.C. §§ 982(a)(7), and 28 U.S.C. § 2461.

17.    As a result of the violation of 18 U.S.C. § 1347, as set forth in this Information, defendant KAMITKO MOORE shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 982(a)(7).

18.    Substitute Assets:  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a)    Cannot be located upon the exercise of due diligence;

b)    Has been transferred or sold to, or deposited with, a third party;

c)    Has been placed beyond the jurisdiction of the Court;

d)    Has been substantially diminished in value; or

e)    Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b) and/or 28 U.S.C. § 2461, to seek to forfeit any other property of defendant KAMITKO MOORE, up to the value of the forfeitable property described above.

7

19.   Money Judgment:  A sum of money equal to at least $3,274,044.00 in United States currency, or such amount as is proved at trial in this matter, representing the total amount of proceeds obtained as a result of defendant's violations of 18 U.S.C. § 1347, as alleged in this Information.

All pursuant to Title 18, United States Code, Section 982(a)(7).

Respectfully submitted,

LESLIE CALDWELL
*Assistant Attorney General*


   S/ELIZABETH YOUNG
ELIZABETH YOUNG
DREW BRADY LYONS
*Trial Attorneys*
*U.S. Department of Justice*
*Criminal Division, Fraud Section*


   S/ALLAN MEDINA
ALLAN MEDINA
*Assistant Chief*
*U.S. Department of Justice*
*Criminal Division, Fraud Section*

Date: February 9, 2016

8

ORIGINAL

| United States District Court<br>Eastern District of Michigan | Criminal Case Co | Case: 2:16-cr-20074<br>Judge: Cohn, Avern<br>MJ: Stafford, Elizabeth A.<br>Filed: 02-09-2016 At 09:47 AM<br>INFO USA v KAMITKO MOORE (dat) |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to co...**

### Reassignment/Recusal Information This matter was opened in the USAO prior to August ...

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes  ☒ No | **AUSA's Initials:**  E-Y |

**Case Title:** USA v. Kamitko Moore

**County where offense occurred :** Wayne County

**Check One:** ☒ **Felony**  ☐ **Misdemeanor**  ☐ **Petty**

_____Indictment/__✓__Information --- no prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number: ]
_____Indictment/_____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information

**Superseding to Case No:** _____  **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 9, 2016
Date

Elizabeth Young
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Avenue, N.W.
Washington, DC 20005
(313) 226-9631
Elizabeth.Young@usdoj.gov

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.                04/13